# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES P. DAY III,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0512** (BOR Appeal No. 2047778)
          (Claim No. 2010128275)

**ALCAN ROLLED PRODUCTS-RAVENSWOOD, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles P. Day III, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Alcan Rolled Products-Ravenswood, LLC, by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 25, 2013, in which the Board affirmed a September 27, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 29, 2010, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Day, a casting furnace operator, alleges he developed carpal tunnel syndrome in the course of his employment. The employee's and physician's report of injury lists the diagnosis as bilateral carpal tunnel syndrome. The report was signed by Michael Whitt, M.D., who indicated that the condition was non-occupational. Dr. Whitt testified in a deposition on February 22, 2011, that he evaluated Mr. Day on March 4, 2010. He found a negative Tinel's test and a positive Phalen's test. He diagnosed carpal tunnel syndrome; however, he also found that Mr. Day had arthritis and hypothyroidism, which Dr. Whitt opined are predisposing factors for carpal tunnel syndrome. Dr. Whitt stated that he has observed some of Mr. Day's job duties in person

1

and that his job is such that he will work quickly for a period of around twenty to thirty minutes and then will be inactive for a few hours. Dr. Whitt also stated that he spoke with Mr. Day and his foreman regarding specific job duties. Dr. Whitt opined that Mr. Day's job duties are not a precipitating factor in his development of carpal tunnel syndrome because they are not repetitive and forceful to the extent required to cause the condition. Also, Mr. Day performs a variety of tasks rather than one specific, continuous activity.

A physician's review was conducted by Marsha Bailey, M.D., in May of 2012. Dr. Bailey opined that Mr. Day's carpal tunnel syndrome was not the result of his employment duties because his job tasks did not require highly repetitious or forceful motions of his hands or fingers. She found that Mr. Day had three risk factors for carpal tunnel syndrome in the form of hypothyroidism, obesity, and hand and wrist arthritis. She stated that studies have shown an increased risk of carpal tunnel syndrome in patients with obesity and hypothyroidism.

The claims administrator rejected the claim on March 29, 2010. The Office of Judges affirmed the decision in its September 27, 2012, Order. It found that Mr. Day testified in a deposition that he had to use bars and other implements in order to clean furnaces; however, he also admitted that the process is now completed using fork trucks and had been performed that way for some years before he filed the instant claim. Mr. Day's description of his job duties was concluded to be consistent with Dr. Whitt's understanding of them. Mr. Day's activities last for approximately fifteen to twenty minutes at a time and are not continuous throughout the day. In between, he has substantial downtime. The Office of Judges also found that though Mr. Day referred to an ergonomic study in his deposition, that study was not submitted as evidence and it would therefore be improper to draw any conclusions regarding the nature of his work based upon evidence not in the record. It was therefore determined that Mr. Day's job duties do not require the kind of repetitive activity described in West Virginia Code of State Rules § 85-20-41.5 (2006) that is associated with the development of carpal tunnel syndrome.

The Office of Judges also found that Mr. Day has two pre-existing conditions found in West Virginia Code of State Rules § 85-20-41.4 (2006) that frequently produce or contribute to the development of carpal tunnel syndrome in the form of hypothyroidism and obesity. His hypothyroidism was determined to not be well-controlled because over the eight to ten year period that he has had the condition his dosage of medication has nearly doubled. Lastly, it was noted that in a March 27, 2012, treatment note, Rammy Gold, M.D., found negative Phalen's and Tinel's signs and stated that Mr. Day reported no pain or tenderness in the upper extremity joints, including the wrists. The Office of Judges therefore concluded that if Mr. Day still suffers from carpal tunnel syndrome, the condition did not develop as a result of his employment duties.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its April 25, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Mr. Day has failed to meet his burden of proof to establish that he developed carpal tunnel syndrome in the course of and resulting from his employment.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 29, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II